UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

POPLAR OAKS, INC.,

    Plaintiff,

v.                                                            CASE NO. 8:15-cv-417-T-23TGW

JOHN DOE,

    Defendant.

_____/

## **ORDER**

On February 27, 2015, the plaintiff sued (Doc. 1) the defendant. Rule 4(m), Federal Rules of Civil Procedure, allows the plaintiff 120 days from the filing of the complaint to serve the defendant. The time for the plaintiff to serve the defendant expired on June 29, 2015, which is when the plaintiff moved (Doc. 7) for an extension of time to serve the defendant. Under Rule 4(m), Federal Rules of Civil Procedure, an extension is granted only if the plaintiff can "show good cause for the failure" to serve.

The plaintiff's motion fails to show good cause. *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." (internal quotation marks omitted)) The plaintiff

states, "On April 6, 2015, Plaintiff was granted leave to serve a third party subpoena . . . to obtain the Defendant's identifying information. Plaintiff issued the subpoena on April 14, 2015, and received the response identifying the Defendant on May 29, 2015." (Doc. 11 at 1–2 (citation omitted)) The plaintiff waited twenty-one days to move to serve a third party subpoena, and thirty-one days passed between the ISP's response and the deadline to serve the defendant. The plaintiff's generic explanation fails to offer sufficient information to determine whether the plaintiff pursued this action with due diligence.

Although the plaintiff fails to "show good cause for the failure," "Rule 4(m) requires that, before the court may dismiss for failure to serve, the plaintiff must be given notice of the possibility of dismissal and afforded an opportunity to show good cause for the failure to serve." *Moore's Federal Practice*, Vol. 1, § 4.81[2] (3d ed. 2013). No later than **JULY 10, 2015**, the plaintiff must show good cause for why this action should not be dismissed. In the response, the plaintiff must account for all 120 days.

ORDERED in Tampa, Florida, on July 1, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE